ACCEPTED
14-15-00810-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
10/13/2015 3:34:26 PM
CHRISTOPHER PRINE
CLERK

# IN THE FOURTEENTH COURT OF APPEALS
## HOUSTON, TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

10/13/2015 3:34:26 PM

CHRISTOPHER A. PRINE
Clerk

IN RE:  DAWN LIPPIAN                    CASE NO.    14-15-0081

## MOTION FOR RECONSIDERATION
## OF WRIT OF MANDAMUS
### and
## EMERGENCY RELIEF

NOW COMES DAWN LIPPIAN, ("Lippian") and files this motion to reconsider Lippian's Writ of Mandamus and in support shows the following:

I.

The Court's opinions cited In re White  967 S.W. 2d 507, 509 which dictated that the appeal was perfected when Lippian's paupers affidavit was filed on August 3, 2015 therefore the bond was ineffective.

Lippian asserts that the Justice Court's order that the appeal was perfected with the bond  violated Lippian's right to due process and this Court's order that the appeal was perfected with the paupers affidavit denies Lippian's right to due

process because both orders fail to provide Lippian with the right the effectively perfect the appeal Lippian is requesting emergency relief until this Court issues an order on Lippian Motion for Reconsideration.

## II.

The record before this Court shows that the Justice Court approved the bond and perfected the appeal with the bond thereby transferring the case to County Court with the bond.

Lippian states that the Justice Court's perfection of the appeal violated the statute and Lippian's right to due process thereby denying Lippian her right to perfect to an appeal.

The Justice Court never transferred the perfected appeal with the paupers affidavit therefore the transfer is a nullity and the County Court never acquired jurisdiction of the appeal.

## III.

In the alternative, Lippian states that because the Court's opinion states that the appeal was perfected with the paupers affidavit the Justice Court was required by Texas Property Code 24.0053 to provide Lippian with Written Notice that contained the following information:

(1) the amount of the initial deposit of rent stated in the judgment that the tenant must pay into the justice court registry;

2

(2)  whether the initial deposit must be paid in cash, cashier's check, or money order, and to whom the cashier's check or money order, if applicable must be made payable;

(3)  the calendar date by which the initial deposit must be paid into the justice court registry;

(4)  for a court that closes before 5 pm on the date specified by Subdivision (3), the time the court closes; and

(5) a statement that failure to pay the required amount into the justice court registry by the date prescribed by Subdivision (3) may result in the court issuing a writ of possession without hearing.

The Justice Court failed to provide Lippian with the above cited required written notice since the Justice Court perfected the appeal with the bond and the written notice is a prerequisite to the issuance of a writ of possession.  The failure to provide Lippian with the required written notice is a violation of Lippian's right to due process.   (Exhibit A)

IV.

Lippian stipulates that pursuant to the Texas Property Code the above written notice is a   requirement as to the payment of rent into the court registry and must be served before a writ of possession can be issued therefore the writ of possession is void.

WHERFORE PREMISES CONSIDERED, Lippian prays that this Court reconsider Lippian's Writ and issue an order voiding the writ of possession.

Respectfully submitted

/s/ Dawn Lippian
17149 Berry Rd
Pearland, Texas   77584
dawnmlippian@gmail.com

Certificate   of   Service

A copy of the foregoing Motion has been forwarded to the following:

Scott Bui
3921 Ocee
Houston, Texas 77063

/s/   Dawn Lippian

4

Acts 2005, 79th Leg., Ch. 712 (S.B. 439), Sec. 1, eff. September 1, 2005.

Acts 2007, 80th Leg., R.S., Ch. 812 (S.B. 1483), Sec. 1, eff. September 1, 2007.

Acts 2011, 82nd Leg., R.S., Ch. 252 (H.B. 1127), Sec. 1, eff. January 1, 2012.


Sec. 24.0052. TENANT APPEAL ON PAUPER'S AFFIDAVIT. (a) If a tenant in a residential eviction suit is unable to pay the costs of appeal or file an appeal bond as required by the Texas Rules of Civil Procedure, the tenant may appeal the judgment of the justice court by filing with the justice court, not later than the fifth day after the date the judgment is signed, a pauper's affidavit sworn before the clerk of the justice court or a notary public that states that the tenant is unable to pay the costs of appeal or file an appeal bond. The affidavit must contain the following information:

(1) the tenant's identity;

(2) the nature and amount of the tenant's employment income;

(3) the income of the tenant's spouse, if applicable and available to the tenant;

(4) the nature and amount of any governmental entitlement income of the tenant;

(5) all other income of the tenant;

(6) the amount of available cash and funds available in savings or checking accounts of the tenant;

(7) real and personal property owned by the tenant, other than household furnishings, clothes, tools of a trade, or personal effects;

(8) the tenant's debts and monthly expenses; and

(9) the number and age of the tenant's dependents and where those dependents reside.

(b) The justice court shall make available an affidavit form that a person may use to comply with the requirements of Subsection (a).

(c) The justice court shall promptly notify the landlord if a pauper's affidavit is filed by the tenant.

Exhibit "A"

(d)  A landlord may contest a pauper's affidavit on or before the fifth day after the date the affidavit is filed.  If the landlord contests the affidavit, the justice court shall notify the parties and hold a hearing to determine whether the tenant is unable to pay the costs of appeal or file an appeal bond.  The hearing shall be held not later than the fifth day after the date the landlord notifies the court clerk of the landlord's contest.  At the hearing, the tenant has the burden to prove by competent evidence, including documents or credible testimony of the tenant or others, that the tenant is unable to pay the costs of appeal or file an appeal bond.

(e)  If the justice court approves the pauper's affidavit of a tenant, the tenant is not required to pay the county court filing fee or file an additional affidavit in the county court under Subsection (a).

Added by Acts 2005, 79th Leg., Ch. 1185 (H.B. 62), Sec. 1, eff. September 1, 2005.


This section was amended by the 84th Legislature. Pending publication of the current statutes, see H.B. 1334, 84th Legislature, Regular Session, for amendments affecting this section.

Sec. 24.0053.  PAYMENT OF RENT DURING APPEAL OF EVICTION.  (a) If the justice court enters judgment for the landlord in a residential eviction case based on nonpayment of rent, the court shall determine the amount of rent to be paid each rental pay period during the pendency of any appeal and shall note that amount in the judgment.  If a portion of the rent is payable by a government agency, the court shall determine and note in the judgment the portion of the rent to be paid by the government agency and the portion to be paid by the tenant.  The court's determination shall be in accordance with the terms of the rental agreement and applicable laws and regulations.  This subsection does not require or prohibit payment of rent into the court registry or directly to the landlord during the pendency of an appeal of an eviction case based on grounds other than nonpayment of rent.

(a-1)  If a tenant files a pauper's affidavit in the period prescribed by Section 24.0052 to appeal an eviction for nonpayment of

rent, the justice court shall provide to the tenant a written notice at the time the pauper's affidavit is filed that contains the following information in bold or conspicuous type:

(1)  the amount of the initial deposit of rent stated in the judgment that the tenant must pay into the justice court registry;

(2)  whether the initial deposit must be paid in cash, cashier's check, or money order, and to whom the cashier's check or money order, if applicable, must be made payable;

(3)  the calendar date by which the initial deposit must be paid into the justice court registry;

(4)  for a court that closes before 5 p.m. on the date specified by Subdivision (3), the time the court closes; and

(5)  a statement that failure to pay the required amount into the justice court registry by the date prescribed by Subdivision (3) may result in the court issuing a writ of possession without hearing.

(a-2)  The date by which an initial deposit must be paid into the justice court registry under Subsection (a-1)(3) must be within five days of the date the tenant files the pauper's affidavit as required by Rule 749b(1), Texas Rules of Civil Procedure.

(b)  If an eviction case is based on nonpayment of rent and the tenant appeals by filing a pauper's affidavit, the tenant shall pay the rent, as it becomes due, into the justice court or the county court registry, as applicable, during the pendency of the appeal, in accordance with the Texas Rules of Civil Procedure and Subsection (a).  If a government agency is responsible for all or a portion of the rent under an agreement with the landlord, the tenant shall pay only that portion of the rent determined by the justice court under Subsection (a) to be paid by the tenant during appeal, subject to either party's right to contest that determination under Subsection (c).

(c)  If an eviction case is based on nonpayment of rent and the tenant's rent during the rental agreement term has been paid wholly or partly by a government agency, either party may contest the portion of the rent that the justice court determines must be paid into the county court registry by the tenant under this section.  The

contest must be filed on or before the fifth day after the date the justice signs the judgment. If a contest is filed, not later than the fifth day after the date the contest is filed the justice court shall notify the parties and hold a hearing to determine the amount owed by the tenant in accordance with the terms of the rental agreement and applicable laws and regulations. After hearing the evidence, the justice court shall determine the portion of the rent that must be paid by the tenant under this section.

(d) If the tenant objects to the justice court's ruling under Subsection (c) on the portion of the rent to be paid by the tenant during appeal, the tenant shall be required to pay only the portion claimed by the tenant to be owed by the tenant until the issue is tried de novo along with the case on the merits in county court. During the pendency of the appeal, either party may file a motion with the county court to reconsider the amount of the rent that must be paid by the tenant into the registry of the court.

(e) If either party files a contest under Subsection (c) and the tenant files a pauper's affidavit that is contested by the landlord under Section 24.0052(d), the justice court shall hold the hearing on both contests at the same time.

Added by Acts 2005, 79th Leg., Ch. 1185 (H.B. 62), Sec. 1, eff. September 1, 2005.
Amended by:
Acts 2011, 82nd Leg., R.S., Ch. 958 (H.B. 1111), Sec. 2, eff. January 1, 2012.


Sec. 24.0054. TENANT'S FAILURE TO PAY RENT DURING APPEAL. (a) During an appeal of an eviction case for nonpayment of rent, the justice court on request shall immediately issue a writ of possession, without hearing, if:

(1) a tenant fails to pay the initial rent deposit into the justice court registry within five days of the date the tenant filed a pauper's affidavit as required by Rule 749b(1), Texas Rules of Civil Procedure, and Section 24.0053;

(2) the justice court has provided the written notice required by Section 24.0053(a-1); and

(3)  the justice court has not yet forwarded the transcript and original papers to the county court as provided by Subsection (a-2).

(a-1)  The sheriff or constable shall execute a writ of possession under Subsection (a) in accordance with Sections 24.0061 (d) through (h).  The landlord shall bear the costs of issuing and executing the writ of possession.

(a-2)  The justice court shall forward the transcript and original papers in an appeal of an eviction case to the county court but may not forward the transcript and original papers before the sixth day after the date the tenant files a pauper's affidavit, except that, if the court confirms that the tenant has timely paid the initial deposit of rent into the justice court registry in accordance with Section 24.0053, the court may forward the transcript and original papers immediately.  If the tenant has not timely paid the initial deposit into the justice court registry, the justice court on request shall issue a writ of possession notwithstanding the fact that the tenant has perfected an appeal by filing a pauper's affidavit that has been approved by the court. The justice court shall forward the transcript and original papers in the case to the county court for trial de novo, notwithstanding the fact that a writ of possession under this section has already been issued.

(a-3)  Notwithstanding Subsections (a) and (a-2), the justice court may not issue a writ of possession if the tenant has timely deposited the tenant's portion of the rent claimed by the tenant under Section 24.0053(d).

(a-4)  During an appeal of an eviction case for nonpayment of rent, if a tenant fails to pay rent into the justice court or county court registry as the rent becomes due under the rental agreement in accordance with the Texas Rules of Civil Procedure and Section 24.0053, the landlord may file with the county court a sworn motion that the tenant failed to pay rent as required.  The landlord shall notify the tenant of the motion and the hearing date.

(b)  If the county court finds that the tenant has not complied with the payment requirements of the Texas Rules of Civil Procedure and Section 24.0053, the county court shall immediately issue a writ

of possession unless on or before the day of the hearing the tenant pays into the court registry:

(1)   all rent not paid in accordance with the Texas Rules of Civil Procedure and Section 24.0053; and

(2)   the landlord's reasonable attorney's fees, if any, in filing the motion.

(c)   If the court finds that a tenant has failed to timely pay the rent into the court registry on more than one occasion:

(1)   the tenant is not entitled to stay the issuance of the writ by paying the rent and the landlord's reasonable attorney's fees, if any; and

(2)   the county court shall immediately issue a writ of possession.

(d)   A writ of possession issued under Subsection (c) may not be executed before the sixth day after the date the writ is issued.

(e)   In a motion or hearing under Subsection (a-4), or in a motion to dismiss an appeal of an eviction case in county court, the parties may represent themselves or be represented by their authorized agents, who need not be attorneys.

(f)   During the appeal of an eviction case, if a government agency is responsible for payment of a portion of the rent and does not pay that portion to the landlord or into the justice court or county court registry, the landlord may file a motion with the county court requesting that the tenant be required to pay into the county court registry, as a condition of remaining in possession, the full amount of each rental period's rent, as it becomes due under the rental agreement.   After notice and hearing, the court shall grant the motion if the landlord proves by credible evidence that:

(1)   a portion of the rent is owed by a government agency;

(2)   the portion of the rent owed by the government agency is unpaid;

(3)   the landlord did not cause wholly or partly the agency to cease making the payments;

(4)   the landlord did not cause wholly or partly the agency to pay the wrong amount; and

(5)  the landlord is not able to take reasonable action that will cause the agency to resume making the payments of its portion of the total rent due under the rental agreement.

Added by Acts 2005, 79th Leg., Ch. 1185 (H.B. 62), Sec. 1, eff. September 1, 2005.
Amended by:
Acts 2011, 82nd Leg., R.S., Ch. 958 (H.B. 1111), Sec. 3, eff. January 1, 2012.


Sec. 24.006.  ATTORNEY'S FEES AND COSTS OF SUIT.  (a)  Except as provided by Subsection (b), to be eligible to recover attorney's fees in an eviction suit, a landlord must give a tenant who is unlawfully retaining possession of the landlord's premises a written demand to vacate the premises.  The demand must state that if the tenant does not vacate the premises before the 11th day after the date of receipt of the notice and if the landlord files suit, the landlord may recover attorney's fees.  The demand must be sent by registered mail or by certified mail, return receipt requested, at least 10 days before the date the suit is filed.
(b)  If the landlord provides the tenant notice under Subsection (a) or if a written lease entitles the landlord to recover attorney's fees, a prevailing landlord is entitled to recover reasonable attorney's fees from the tenant.
(c)  If the landlord provides the tenant notice under Subsection (a) or if a written lease entitles the landlord or the tenant to recover attorney's fees, the prevailing tenant is entitled to recover reasonable attorney's fees from the landlord.  A prevailing tenant is not required to give notice in order to recover attorney's fees under this subsection.
(d)  The prevailing party is entitled to recover all costs of court.

Acts 1983, 68th Leg., p. 3516, ch. 576, Sec. 1, eff. Jan. 1, 1984. Amended by Acts 1985, 69th Leg., ch. 891, Sec. 1, eff. Sept. 1, 1985; Acts 1989, 71st Leg., ch. 688, Sec. 4, eff. Sept. 1, 1989;  Acts 1997, 75th Leg., ch. 1205, Sec. 3, eff. Sept. 1, 1997.